UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Yoandri Gonzalez Terrero,<br><br>               Petitioner<br><br>v.<br><br>Kristi Noem, et al.,<br><br>               Respondents | Case No. 2:25-cv-02628-CDS-BNW<br><br>**Order Granting the Respondents' Motion to Extend Time and the Petitioner's Writ of Habeas Corpus in Part, and Denying the Petitioner's Motion for a Temporary Restraining Order**<br><br>[ECF Nos. 1, 4, 6] |

Petitioner Yoandri Gonzalez Terrero initiated this action on December 31, 2025, by filing a petition for writ of habeas corpus. *See* Pet. for writ., ECF No. 1. Therein, he argues that his continued detention by Immigration and Customs Enforcement (ICE) violates his Fifth Amendment due process rights. *Id.* He therefore seeks an order finding his due process rights have been violated, directing the respondents to immediately release him, and other related relief. *Id.* On January 22, 2026, Gonzalez Terrero also filed a motion for a temporary restraining order. Mot., ECF No. 4. The respondents[1] filed a response to the petition and motion. Resp., ECF No. 7.[2] For the reasons explained herein, I find that the petitioner's Fifth Amendment due process rights have been violated, so I grant in part Gonzalez Terrero's petition.[3]

**I.  Background**

Gonzalez Terrero is a citizen of Cuba who first entered the United States on November 3, 2019, after fleeing conditions in Cuba and seeking protection upon arrival. ECF No. 1 at 2; *id.* at

---

[1] The named respondents are John Mattos, Warden of the Nevada Southern Detention Center; Brian Henke, in his official capacity as Field Officer Director, ICE Las Vegas Office; Pamela Bondi, Attorney General of the United States; Rickisha Hightower, in her official capacity as Assistant Chief Counsel Officer of the Principal Legal Advisor; Kristi Noem, Secretary of the Department of Homeland Security.
[2] The respondents filed a motion to extend time on February 5, 2026, requesting an extension of time of five hours to file a response to the petitioner's writ of habeas corpus and motion for a temporary restraining order. ECF No. 6. The petitioner did not file an opposition. The respondents' motion for an extension of time is granted, nunc pro tunc to February 5, 2026.
[3] Because I grant relief based on the petition, I deny as moot the TRO.

7, ¶ 14; Resp'ts' Ex., ECF No. 7-4 at 1. Gonzalez Terrero encountered U.S. Customs and Border Protection officials, requested asylum, received a Notice to Appear, and was released on his own recognizance while his immigration proceedings were pending. *Id.* at 7, ¶ 15. He was placed in removal proceedings pursuant to the Immigration Nationality Act (INA) § 240. *Id.* at 2.

In December 2021, an Immigration Judge dismissed his prior removal proceedings. ECF No. 1 at 2. On June 6, 2024, Gonzalez Terrero filed an application to register for permanent residence or adjust status pursuant to the Cuban Adjustment Act, which is pending before the U.S. Citizenship and Immigration Services. *Id.* at 3.

On August 4, 2025, Gonzalez Terrero was taken into ICE custody following a local arrest. *Id.* at 8, ¶ 18. That same day, the Department of Homeland Security (DHS) issued a new Notice to Appear charging him as inadmissible under INA § 212(a)(7)(A)(i)(I). *Id.* On November 3, 2025, after the removal proceedings, an Immigration Judge granted Gonzalez Terrero asylum, and his application for withholding of removal under INA § 241(b)(3) and removal under Convention Against Torture was withdrawn without prejudice. Am. order, Resp'ts' Ex. F, ECF No. 7-6. The order further indicated that DHS reserved its right to appeal, and the respondent (Gonzalez Terrero) waived his right to do so. *Id.* at 4. Any appeal was due by December 4, 2025. *Id.* No final order of removal was entered, and no stay of the Immigration Judge's decision has been issued. *Id.*[4]

In his petition, Gonzalez Terrero brings the following claims for relief: (1) unlawful detention in violation of the INA and Implementing Regulations; (2) violation of the Fifth Amendment's Due Process Clause; (3) violation of the Administrative Procedure Act;

---

[4] There is a dispute between the respondents and the petitioner whether DHS timely filed an appeal of the Immigration Judge's decision. *See* ECF No. 1 at 9, ¶ 23; ECF No. 7 at 2. The petitioner asserts that there is no appeal in EOIR's system, and no notice of appeal has been served. ECF No. 1 at 9, ¶ 23. On the other hand, the respondents assert that it disputes the petitioner's legal and factual characterization regarding the posture of the underlying administration proceedings. ECF No. 7 at 2. Because I find that there are disputes regarding whether an appeal was filed with Board of Immigration Appeals and whether the detention itself would be lawful, I do not make any findings on this matter, as such findings would be improper under 28 U.S.C. § 2241.

2

(4) violation of the Fifth Amendment's Equal Protection Clause; and (5) violation of the Suspension Clause. *See* ECF No. 1.

## II.     Legal standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.    Discussion

Gonzalez Terrero asserts that his detention violates the Fifth Amendment's Due Process Clause. *See* ECF No. 1 at 13. Gonzalez Terrero also challenges the basis for detention in his motion for a temporary restraining order. *See* ECF No. 4. Therein, he argues that his detention is unlawful under the INA because, after he was granted asylum, it no longer serves a legitimate statutory purpose, and there is no pending appeal of the decision granting him asylum. *Id.* at 7–10. He further argues that, at a minimum, due process requires a meaningful opportunity to be heard on his detention status, but he has been deprived of such an opportunity. *Id.* at 10. Finally, he contends that his custody arises under § 1226(a), not § 1225(b)(2). *Id.* at 5–6. As a result, he argues that his continued detention violates the Due Process Clause. *Id.* at 15. Because the relief petitioner seeks in both his petition and his TRO are grounded in an alleged due process violation, I consider and resolve them together.

A. Gonzalez Terrero's petition is granted in part.

### 1. *The petitioner is subject to § 1226(a), not § 1225(b)(2)(A).*

The petitioner asserts that he was placed in removal proceedings under § 240 of the INA after seeking protection upon entry in the United States, so he his detention falls under § 1226(a). *See* ECF No. 1 at 13–14, ¶ 47; ECF No. 4 at 5. To support this argument, he notes that DHS issued him a Form I-200 Warrant for Arrest placing him squarely within the discretionary custody authority of § 1226(a), not mandatory detention. *Id.* Yet an Immigration Judge denied his request for a bond determination based on a Board of Immigration Appeals decision from 2025. *See* ECF No. 4 at 5–6 (discussing *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025)). Thus, in essence, the petitioner argues that there is no statutory basis for continued detention under wither the pre-removal or post-removal detention provisions of the INA. *Id.* at 7.

The respondents assert that while they do not consent to the issuance of the writ, they reserve all rights—including the right to appeal[5]—they recognize that submitting further briefing is unnecessary considering that the practical legal issues presented in this case are controlled by this court's recent decisions involving facts that are not materially distinguishable. *See* ECF No. 7 at 2 (first citing *Baca Beltrand v. Mattos*, Case No. 2:25-cv-01430-CDS-EJY; then citing *Jacobo Ramirez v. Noem*, Case No. 2:25-cv-02136-RFB-MDC). The respondents further assert that the issues can be resolved under the statutory framework and the court's recent orders, without emergency injunctive relief. *Id.* at 2.

Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). Section 1226(a) on the other hand states:

---

[5] The respondents' preservation includes their argument that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) because he is present in the United States without being admitted or paroled. *See* ECF No. 7 at 3–6.

4

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> (B) conditional parole . . . .

8 U.S.C. § 1226(a). The plain language of these provisions indicates that both § 1225 and § 1226 govern the detention of noncitizens pending removal proceedings. The difference is that § 1225 provides for mandatory detention, whereas § 1226 allows for the release of the noncitizen on conditional parole or bond.

"A statute should be construed so that effect is given to all its provisions." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (citation omitted); *Corley v. United States*, 556 U.S. 303, 314 (2009). "When interpreting a statute, the inquiry 'begins with the statutory text, and ends there as well if the text is unambiguous.'" *See In re Vill. Apothecary, Inc.*, 45 F.4th 940, 947 (6th Cir. 2022) (citation omitted). But "the 'meaning—or ambiguity—of certain words or phrases may only become evident when placed in context.'" *King v. Burwell*, 576 U.S. 473, 486 (2015) (citation omitted). And "the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Roberts v. Sea-Land Servs., Inc.*, 566 U.S. 93, 101 (2012) (citation omitted). The court must also "use every tool at [its] disposal to determine the best reading of the statute." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024).

As a threshold matter, § 1225 is titled "Inspection by immigration officers; expedited removal of inadmissible **arriving aliens**; referral for hearing." 8 U.S.C. § 1225 (emphasis added). This title "is especially valuable [where] it reinforces what the text's nouns and verbs independently suggest." *Yates v. United States*, 574 U.S. 528, 552 (2015) (Alito, J., concurring). And § 1225(b)(2)(A) provides for the detention "of an alien who is *an applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is not clearly and beyond

a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Important here, the INA defines an "applicant for admission" as "[a]n alien present in the United States who **has not been admitted or who arrives in the United States**" *See id.* at § 1225(a)(1) (emphasis added). The INA further defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *See id.* at § 1101(a)(13). The word "entry" is not defined in the INA. *See generally id.* at § 1101. But the dictionary definition of "entry" is "the right or privilege of entering" or "the act of entering." *Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/entry (last visited Feb. 9, 2026). "Entry" has long been understood to mean "a crossing into the territorial limits of the United States." *Hing Sum v. Holder*, 602 F.3d 1092, 1100–01 (9th Cir. 2010) (quoting *Matter of Pierre*, 14 I&N Dec. 467, 468 (BIA 1973)). The phrase "seeking admission" is also undefined in the statute. The dictionary definition of "seeking" is "ask[ing] for." *Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/seeking (last visited Feb. 9, 2026). And the word "seeking" "necessarily implies some sort of present-tense action." *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218 (D. Mass. 2025) (citations omitted).

    The respondents' position is that § 1225 is the applicable detention authority because he was present in the United States without being admitted or paroled in untenable. ECF No. 7 at 3. Their interpretation of § 1225 would render the qualifier "seeking admission" in the statute entirely unnecessary and therefore improper. "It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (citations omitted). Given Congress's decision to use different terms in § 1225—i.e., "applicant for admission" and "alien seeking admission"—I presume that Congress intended these phrases to mean different things. *See Pulsifer v. United States*, 601 U.S. 124, 149 (2024) ("In a given statute . . . different terms usually have different meanings." (citation omitted)); *see also Pizarro Reyes v. Raycraft*, 2025 WL 2609425, at *5 (E.D. Mich. Sep. 9, 2025); 8

6

U.S.C. § 1225(a)(2)(3) (reasoning that Congress's decision to include the word "arriving," and references to methods of physical arrival, such as "stowaways" and "crewmen," in § 1225 shows Congress's intent to address noncitizens arriving "at a border or port of entry.").

In contrast, § 1226 is titled: "Apprehension and detention of aliens." 8 U.S.C. § 1226. "That Congress separated removal of arriving aliens [as set forth in § 1225,] from its more general section for 'Apprehension and detention of aliens,' [as set forth in] § 1226, implies that Congress enacted § 1225 for a specific, limited purpose." *Pizarro Reyes*, 2025 WL 2609425, at *5 (citing *Dubin v. United States*, 599 U.S. 110, 122 (2023)). As the U.S. Supreme Court explained in *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018), § 1225 is part of the "process of decision [that] generally begins at the Nation's borders and ports of entry, where the Government must determine whether an alien seeking to enter the country is admissible" whereas in contrast, "[s]ection 1226 generally governs the process of arresting and detaining . . . aliens [already living within the United States] pending their removal." *Id.* at 288. Thus, *Jennings* differentiated between noncitizens initially arriving to the United States who are governed by § 1225, and noncitizens already present in the country who are governed by § 1226. *Id.* at 288–89.

Here, Gonzalez Terrero is not actively seeking to lawfully cross into the territorial limits of the United States because he already entered the United States, November 3, 2019, after fleeing conditions in Cuba and seeking protection upon arrival. *See* ECF No. 1 at ¶ 14; Resp'ts' Ex. D, ECF No. 7-4 at 1. Accordingly, Gonzalez Terrero is entitled to a bond hearing under 8 U.S.C. § 1226(a), so the respondents must provide him with one within one week of the entry of this order.

### 2. *Gonzalez Terrero's due process rights have been violated.*

Gonzalez Terrero argues that his detention violates the Fifth Amendment's Due Process Clause. ECF No. 1 at 13. The respondents assert that the petitioner is lawfully detained under § 1225, and they incorporate by reference their prior responses in cases containing

indistinguishable facts from the present case to conserve judicial and party resources. ECF No. 7 at 4 (citing Exs. A & B, ECF Nos. 7-1, 7-2).

For the reasons explained above, the petitioner's detention is governed by § 1226(a), not § 1225(b)(2)(A). For that reason, I find that Gonzalez Terrero's current detention under § 1225(b)(2)(A) violates his Fifth Amendment due process rights. I therefore grant relief under Claim II of his § 2241 petition. Further, because he is entitled to relief on Claim II, I decline to address other claims and other requested relief in the petition on the merits.[6]

### B. Gonzalez Terrero's request for attorney's fees and costs is denied without prejudice.

The petitioner moves for costs and attorney's fees pursuant to the Equal Access to Justice Act (EAJA). *See* ECF No. 1 at 25, ¶ D. The EAJA provides in part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

Here, the petitioner's requested fees and costs under the EAJA is premature because the court has not yet entered a final judgment. Thus, the request is denied without prejudice. The court will consider a motion seeking reasonable fees and costs under the EAJA if filed within thirty days of the judgment.

---

[6] The remaining claims and requests for relief are denied without prejudice.

IV.     Conclusion

IT IS ORDERED that Gonzalez Terrero's petition for writ of habeas corpus [ECF No. 1] is GRANTED in part as set forth in this order.

IT IS FURTHER ORDERED that Gonzalez Terrero's motion for a temporary restraining order [ECF No. 4] is DENIED as moot.

IT IS FURTHER ORDERED that the respondents' motion to extend time [ECF No. 6] is GRANTED nunc pro tunc.

IT IS FURTHER ORDERED that the respondents are required to give the petitioner a bond hearing, and this bond hearing must occur **by February 17, 2026.**

IT IS FURTHER ORDERED that the parties must file a joint status report no later than **February 24, 2026,** advising the status of compliance with this order. The status report must also include the parties' position regarding whether this matter should remain open or can be closed, if the petitioner's counsel is seeking fees and costs under EAJA, and if judgment should be entered accordingly.

IT IS FURTHER ORDERED that the petitioner's request for attorney's fees is denied without prejudice, as set forth in this order.

Dated: February 10, 2026

_____
Cristina D. Silva
United States District Judge